# OFFICE OF
# THE ATTORNEY GENERAL
Gerald C. Mann
ATTORNEY GENERAL

Honorable Lee Brady
Commissioner
Department of Banking
Austin, Texas

Dear Sir:

Opinion No. 0-2302
Re: S. B. 427, Acts 46th Legis-
lature - validity of provi-
sion for reversion of surplus
fees to the General Revenue
Fund.

Your letter of April 27, 1940, requests the opinion
of this department upon the following questions:

"1.  Is the provision of the General Appro-
priation Bill of 1939, providing for the reversion
of surplus fees and unexpended balances to the
General Revenue Fund violative of Section 7 of
Article 8 of the Constitution of Texas?

"2.  If the surplus and unexpended balances
remaining on hand at the end of the fiscal year
do not revert to the General Revenue Fund, then
will such surplus and unexpended balances retain
their character as such so as to be subject to
the jurisdiction of the Limited Payments Board
after the beginning of the second year of the
biennium, or will such surpluses or unexpended
balances be treated simply as an initial collection
for the second year of the biennium?"

Article 362, Revised Civil Statutes, 1925, provides
as follows:

"Examination Fees. - Except as to savings
banks, the expense of every general and special
examination shall be paid by the corporation exam-
ined in such amount as the Commissioner shall cer-
tify to be just and reasonable, and assessments

therefore shall be made by the Commissioner upon
the banks examined in proportion to assets or
resources held by the banks upon the dates of
the examination of the various banks."

Article 363, Revised Civil Statutes, 1925, provides
as follows:

"All funds collected as examination fees
shall be paid by the Commissioner directly into
the State Treasury to the credit of the General
Revenue Fund. The expenses of examination and
of the Commissioner in enforcing the provisions
of this Title shall be paid upon the certifi-
cate of the Commissioner by warrant of the
Comptroller upon the State Treasury."

Senate Bill 427, Acts of the 46th Legislature, in-
cludes the following as a special rider following the appro-
priation made for the State Banking Department:

"Subject to the limitations set forth in
the provisions at the end of this Act, all appro-
priations herein made for the State Banking De-
partment shall be paid out of their receipts, and
the Commissioner shall reduce his expenditures
so as not to exceed the actual receipts collected
. . ."

The general rider appended to Senate Bill 427, Acts
of the 46th Legislature, in the paragraph styled "Limitation
of Payments", includes the following sentence:

"All surplus fees, receipts, special funds,
or other available funds on hand at the end of
each year of the biennium shall revert to the
General Revenue Fund of this State unless other-
wise provided herein."

Section 7 of Article 8 of the Constitution of the
State of Texas reads:

"The Legislature shall not have power to
borrow or in any manner divert from its purpose
any special fund that may, or ought to, come
into the Treasury; and shall make it penal for
any person or persons to borrow, withhold, or in

any manner divert from its purpose any special
fund or any part thereof."

It will be observed that the constitutional provi-
sion has application only to special funds. An examination
of the statutes quoted above with reference to the examination
fees collected by the Banking Department reveals that no
special fund is created and that the constitutional provi-
sion therefore has no application. The general law does
not dedicate the assessments collected to the payment of
the expenses of examining the banks, but exacts the assess-
ments by way of a charge for services rendered and requires
that they be paid directly into the General Revenue Fund of
the State, by way of reimbursement to the State for expenses
incurred by the State in examining the various banking in-
stitutions. The appropriations to the Banking Commissioner
are paid by warrants upon the General Fund. The amount of
the assessments collected and deposited in such fund simply
measures and limits the authority to expend the appropriation
made from the General Fund. The obvious purpose is to com-
pel the Banking Commissioner to levy and collect assessments
sufficient in amount to insure complete reimbursement to
the General Revenue Fund.

What we have said above constitutes a sufficient
answer to your first question. With respect to your second
question, you are advised that the surplus or unexpended
balances of the assessments collected by the Banking Com-
missioner will not retain their character as such so as to
be subject to the jurisdiction of the Limitation of Payments
Board after August 31, 1940. The obvious purpose of the
sentence quoted from the Limitation of Payments paragraph
appearing in the general rider to Senate Bill 427 is to
deprive the Limitation of Payments Board of jurisdiction
over surplus fees, receipts, special funds, and other avail-
able funds on hand at the end of each year of the biennium.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      /s/ R. W. Fairchild
                Assistant

RWF:GG          APPROVED JUN 14, 1940

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS